UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| VISION BANK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FP MANAGEMENT, LLC; JOHN F. CAMPBELL; MOBILE MIDTOWN PROPERTY MANAGEMENT, LLC; WB PROPERTY MANAGEMENT, LLC; and MOBILE PROVIDENCE PROPERTY MANAGEMENT, LLC, | ) CIV. ACTION NO. 11-00003-CG-N |
| | ) |
|     Defendants. | |

## ORDER

This matter is before the court on the plaintiff, Vision Bank's, motion for partial summary judgment (Doc. 31). Vision Bank also filed a brief and evidentiary materials in support of its motion (Docs. 31-1 and 31-2). The defendants, FP Management, LLC; John F. Campbell; Mobile Midtown Property Management, LLC; and Mobile Providence Property Management, LLC (collectively, the "defendants"), have failed or refused to oppose Vision Bank's motion, which is now ripe for resolution. See Doc. 36. After careful consideration, the court finds that Vision Bank's motion for partial summary judgment is due to be **GRANTED**.

## FACTUAL BACKGROUND

FP Management, LLC ("FP Management") and Vision Bank entered into a loan agreement whereby Vision Bank loaned FP Management $2,180,000.00 in exchange for FP Management's promise to repay the loan with interest within five

1

years.  (Doc. 31-2, p. 5) (Doc. 31-3, p. 1).  To this end, FP Management executed a promissory note (the "Note"), dated December 29, 2006.  Id.  The Note was guaranteed by four guaranty agreements, one of which was signed by FP Management's manager, John F. Campbell, in his personal capacity.  (Doc. 31-2, pp. 10-12).  The remaining three guaranty agreements were signed by Campbell on behalf of three entities of which he is the sole member: Mobile Midtown Property Management, LLC; WB Property Management, LLC; and Mobile Providence Property Management, LLC (the "guarantors").  See Doc. 31-2, pp. 4-21.

  The Note defines an event of default as a failure to make a payment which continues for five business days after the payment is due.  Id. at 7.  The guaranty agreements, in turn, promise that the guarantor "jointly and severally, unconditionally and absolutely guarantees the due and punctual payment of all sums due under the Loan ..."  Id. at 10, 13, 16, and 19.

  According to the affidavit of Frank W. Wagner, II, Senior Vice President of Vision Bank, FP Management and the guarantors defaulted under the note by failing to make scheduled payments per the terms of the Note and the guaranty agreements.  (Doc. 31-2, p. 2).  Wagner states that Vision Bank has made a demand upon FP Management and the guarantors for payment of the Note, but they have failed to pay, and that, as of August 22, 2011, the balance owed under the Note was $12,437.59 ($12,179.26 in principal, $158.33 in accrued and unpaid interest, and $100.00 in late charges).  Id.

## SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56(a) provides that summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and that the movant is entitled to judgment as a matter of law." The trial court's function is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). "The mere existence of some evidence to support the non-moving party is not sufficient for denial of summary judgment; there must be 'sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party.'" Bailey v. Allgas, Inc., 284 F.3d 1237, 1243 (11th Cir. 2002) (quoting Anderson, 477 U.S. at 249). "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Anderson, 477 U.S. at 249-250. (internal citations omitted).

The basic issue before the court on a motion for summary judgment is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." See Anderson, 477 U.S. at 251-252. The moving party bears the burden of proving that no genuine issue of material fact exists. O'Ferrell v. United States, 253 F.3d 1257, 1265 (11th Cir. 2001). In evaluating the argument of the moving party, the court must view all evidence in the light most favorable to the non-moving party, and resolve all reasonable doubts about the facts in its favor. Burton v. City of Belle Glade, 178 F.3d 1175, 1187 (11th Cir. 1999). "If reasonable minds might

differ on the inferences arising from undisputed facts, then [a court] should deny summary judgment." Hinesville Bank v. Pony Exp. Courier Corp., 868 F.2d 1532, 1535 (11th Cir. 1989) (citing Mercantile Bank & Trust v. Fidelity & Deposit Co., 750 F.2d 838, 841 (11th Cir. 1985)).

Once the movant satisfies his initial burden under Rule 56(a), the non-moving party "must make a sufficient showing to establish the existence of each essential element to that party's case, and on which that party will bear the burden of proof at trial." Howard v. BP Oil Co., 32 F.3d 520, 524 (11th Cir. 1994)(citing Celotex Corp. v. Catrett, 477 U.S. 317, 324 (1986)).  Otherwise stated, the non-movant must "demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).  The non-moving party "may not rely merely on allegations or denials in its own pleading; rather, its response …. must be by affidavits or as otherwise provided in this rule be set out specific facts showing a genuine issue for trial." Vega v. Invesco Group, Ltd., 2011 WL 2533755, *2 (11th Cir. 2011).  "A mere 'scintilla' of evidence supporting the [non-moving] party's position will not suffice; there must be enough of a showing that the jury could reasonably find for that party."  Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990) (citation omitted). "[T]he nonmoving party may avail itself of all facts and justifiable inferences in the record taken as a whole." Tipton v. Bergrohr GMBH-Siegen, 965 F.2d 994, 998 (11th Cir. 1992).  "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial."

4

Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986) (internal quotation and citation omitted).

## LEGAL ANALYSIS

"The elements of a breach-of-contract claim under Alabama law are (1) a valid contract binding the parties; (2) the plaintiff's performance under the contract; (3) the defendant's nonperformance; and (4) resulting damages." Shaffer v. Regions Financial Corp., 29 So.3d 872, 880 (Ala. 2009) (internal quotes omitted). The uncontroverted evidence shows the existence of a contract between Vision Bank and FP Management; Vision Bank's performance under the contract by lending FP Management $2,180,000.00; FP Management's non-performance by failing to repay the borrowed sums and other amounts within the time and other terms set forth in the Note; and Vision Bank's resulting damage from FP Management's non-payment.  The uncontroverted evidence thus establishes all elements of Vision Bank's claim against FP Management, and FP Management offers no defense.  The plaintiff is therefore entitled to summary judgment as to Count One of its complaint.

"Every suit on a guaranty agreement requires proof of the existence of the guaranty contract, default on the underlying contract by the debtor, and nonpayment of the amount due from the guarantor under the terms of the guaranty." Delro Industries, Inc. v. Evans, 514 So.2d 976, 979 (Ala. 1987). The uncontroverted evidence shows the existence of four guaranties by the guarantors listed, supra; FP Management's default on the underlying contract; and non-

payment by the guarantors.  The uncontroverted evidence thus establishes all elements of the plaintiff's claims against the guarantors, who offer no defense. Vision Bank is therefore entitled to summary judgment as to Count Two.

## CONCLUSION

For the reasons set forth above, the plaintiff's motion for partial summary judgment as to Counts One and Two is hereby **GRANTED**.[1]

**DONE** and **ORDERED** this 13th day of December 2011.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE

---

[1] A final determination of Count Three of Vision Bank's complaint (asserting a cause of action for accounting and inspection) remains pending, as no party has moved for judgment on or dismissal of that claim.  Accordingly, the court declines Vision Bank's invitation to enter final judgment at this time pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.  See Doc. 31 at 1.  If Vision Bank does not intend to pursue the remedy alleged in Count Three, it should so inform the court.