**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **VISION BANK,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | |
| | ) | |
| **FP MANAGEMENT, LLC; JOHN F.** | ) | |
| **CAMPBELL; MOBILE MIDTOWN** | ) | **CASE NO. 1:11-cv-00003-CG-N** |
| **PROPERTY MANAGEMENT, LLC;** | ) | |
| **WB PROPERTY MANAGEMENT, LLC;** | ) | |
| **and MOBILE PROVIDENCE** | ) | |
| **PROPERTY MANAGEMENT, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

This matter is before the court on plaintiff Vision Bank's ("Vision's")

uncontested motion for attorneys' fees and costs.[1] (Doc. 43).

## I.    FACTUAL BACKGROUND

On December 13, 2011, this court granted Vision's motion for partial

summary judgment as to its breach of contract claims.  (Doc. 39).  Subsequently, on

December 23, 2011, the court granted Vision's motion to dismiss Count Three

(Accounting and Inspection) of its amended complaint.  (Doc. 42).  Vision then filed

an unopposed motion for attorneys' fees and costs on January 11, 2012.  (Doc. 43).

---

[1] The defendants' response to Vision's motion for attorneys' fees was due January 18,
2012.  As of the date of this order, no response has been filed with the court.

1

Vision seeks $13,379.50 in attorneys' fees and $546.14 in costs.  Id.  Per the terms of the promissory note executed between Vision and the defendants, Vision is entitled to "reasonable" attorneys' fees and costs.  (Doc. 31-2, p. 8).  In support of its motion, Vision has submitted the affidavit of Frederick G. Helmsing, Jr., an attorney at the Mobile, Alabama, law firm of McDowell Knight Roedder and Sledge, LLC ("McDowell Knight"), and one of the attorneys of record for Vision.  (Doc. 43-1, pp. 1-3).  Vision has also submitted a detailed summary report of the time spent, the rates charged, and the specific work performed in connection with Vision's efforts to collect amounts due under the promissory note at issue in the case (the "summary report").  (Doc. 43-1, pp. 4-14).

## II.   COSTS

Vision seeks costs in the amount of $546.14, and has submitted an itemized list of costs in support of its motion.  (Doc. 43, p. 1), see also Doc. 43-1, pp. 12-13.

"In the exercise of sound discretion, trial courts are accorded great latitude in ascertaining taxable costs." Loughan v. Firestone Tire & Rubber Co., 749 F.2d 1519, 1526 (11th Cir. 1985) (citing United States v. Kolesar, 313 F.2d 835 (5th Cir. 1963)). However, in exercising its discretion to tax costs, absent other explicit statutory authorization, federal courts are limited to those costs specifically enumerated in 28 U.S.C. § 1920.  Crawford Fitting Co. v. J. T. Gibbons, Inc., 482 U.S. 437, 445 (1987). The word "costs" is not synonymous with "expense."  Eagle Insurance Co. v. Johnson, 982 F.Supp. 1456, 1458 (M.D. Ala. 1997). "[E]xpense includes all the expenditures actually made by a litigant in connection with the lawsuit."  Id.

(citations omitted). "Whereas the costs that the district court may award under Rule 54(d)(1) are listed in 28 U.S.C.A. § 1920, a district court may not award other costs or exceed the amounts provided in § 1920 without explicit authorization in another statutory provision." <u>Id.</u> (citations omitted). Thus, the costs will almost always be less than the total expenses associated with the litigation. <u>Id.</u> (citations omitted).

The court's power to tax costs is grounded in part in Rule 54(d)(1) of the Federal Rules of Civil Procedure, which states: "Unless a federal statute, these rules, or a court order provides otherwise, costs - other than attorney's fees - should be allowed to the prevailing party." <u>Fed.R.Civ.P. 54(d)(1)</u>. Rule 54(d) gives rise to a presumption that costs will be awarded, and the party opposing the award must overcome this presumption. <u>Manor Healthcare Corp. v. Lomelo</u>, 929 F.2d 633, 639 (11th Cir. 1991); <u>see</u> <u>also</u> <u>Monelus v. Tocodrian, Inc.</u>, 609 F.Supp.2d 1328, 1333 (S.D. Fla. 2009) ("When challenging whether costs are taxable, the losing party bears the burden of demonstrating that a cost is not taxable[.]"). Section 1920 of Title 28 authorizes a judge or clerk of court to tax six items as costs:

    (1)    Fees of the clerk and marshal;

    (2)    Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;

    (3)    Fees and disbursements for printing and witnesses;

    (4)    Fees for exemplification and costs of making copies of any materials where the copies are necessarily obtained for use in the case;

    (5)    Docket fees under section 1923 of this title;

(6)     Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920.  A court may not award costs that exceed those permitted by § 1920.  See Glenn v. Gen. Motors Corp., 841 F.2d 1567, 1575 (11th Cir. 1988).

Upon review of Vision's itemized list of costs, the finds that the only cost which is taxable under § 1920 is the item marked "COURT COST 1/4/11," which, based upon the date, appears to be the $350.00 filing fee Vision paid when it filed its complaint on January 4, 2011.  (See Doc. 43-1, p. 12).  Accordingly, Vision's motion is **GRANTED**, with respect to costs, in the amount of $350.00.

### III.   ATTORNEYS' FEES

The starting point in setting any attorney's fee is determining the "lodestar" figure — that is, the product of the number of hours reasonably expended to prosecute the lawsuit multiplied by a reasonable hourly rate for work performed by similarly-situated attorneys in the community.  Hensley v. Eckerhart, 461 U.S. 424, 433 (1983); see also, Norman v. Housing Authority of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).  The fee applicant bears the burden of "establishing entitlement and documenting the appropriate hours and hourly rates." Norman, 836 F.2d at 1303.  After calculating the lodestar fee, the court should then proceed with an analysis of whether any portion of this fee should be adjusted upwards or downwards.  See Pennsylvania v. Delaware Valley Citizens' Council for

Clean Air, 478 U.S. 546, 565–66 (1986); see also Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711 (1987); Hensley, 461 U.S. at 433–34. Where the rates or hours claimed seem excessive or lack the appropriate documentation, a court may calculate the award based on its own experience, knowledge, and observations. Norman, 836 F.2d at 1299.

In making the above determinations, the court is guided by the 12 factors set out in Johnson v. Georgia Highway Express, Inc., 488 F.2d 714, 717–19 (5th Cir. 1974). See Blanchard v. Bergeron, 489 U.S. 87, 91–92 (1989); Hensley, 461 U.S. at 434 n. 9. These factors are: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney due to acceptance of the case; (5) the customary fee in the community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the 'undesirability' of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. These Johnson factors may "be considered in terms of their influence on the lodestar amount." Norman, 836 F.2d at 1299.

### (1)    Reasonable Rate

As the party requesting fees, Vision has the burden of supplying the court with specific and detailed evidence from which the court can determine the reasonable hourly rate for the work performed by its attorneys and paralegals. Am.

<u>Civil Liberties Union of Ga. v. Barnes</u>, 168 F.3d 423, 427 (11th Cir. 1999) (citing <u>Norman</u>, 836 F.2d at 1303). The Eleventh Circuit has instructed that a reasonable hourly rate is "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." <u>Norman</u>, 836 F.2d at 1299. In this case, the relevant legal community is Mobile, Alabama. <u>See</u> <u>Barnes</u>, 168 F.3d at 437 ("[T]he 'relevant market' for purposes of determining the reasonable hourly rate for an attorney's services is the place where the case is filed." (citation and quotation marks omitted)).

Vision has submitted an affidavit from its lead counsel, Frederick G. Helmsing, Jr., which sets forth the hourly rate for law firm partners ($220) and associates ($175) working on the case. (Doc. 43-1, p. 2). Vision has also submitted a detailed summary report of hours worked, featuring detailed descriptions of the work performed. (Doc. 43-1, pp. 5-12). However, Helmsing has not identified which partners and which associates worked on the case, and has not provided the court with any information regarding each attorney's experience.[2] The court thus has no way of knowing whether an associate billing at $175 per hour is in his or her first year of practice, or instead has several years of litigation experience under his or her belt. Furthermore, the billing rates that appear on Vision's summary report

---

[2] Working backwards from the hourly rates listed on the summary report, the court concludes that the partners (identified by initials only) are "JSH," "FGH" (presumably Helmsing), and "ATR" (presumably Archibald T. Reeves). The court also concludes that the associates (again, identified by initials only) are "RBM" and "JML."

indicate that associates were billed at $185 per hour, and not $175 per hour, as indicated in Helmsing's affidavit. Id.

Based on the court's experience, knowledge, and observations, as well as a review of prior awards, the court finds that the $220 hourly rate for the partners is reasonable, but finds that the $175 hourly rate for the associates is unreasonable, given the lack of information regarding their experience, and accordingly sets the associate rate at $150.00 per hour. Compare Wells Fargo Bank, N.A. v. Williamson, 2011 WL 382799, *4 (S.D. Ala. Feb. 3, 2011) (finding that a rate of $225 per hour is reasonable for a law firm partner with an indeterminate amount of experience); see also Vision Bank v. Anderson, No. 10-0372-KD-M, 2011 WL 2142786, *3 (S.D. Ala., May 31, 2011) (DuBose, J.) (finding $150.00 to be a reasonable rate for a "junior associate" with an indeterminate amount of experience).

Additionally, five other individuals, "RAN," "DCC," LCK," "ALB," and "PCH" also billed fees in this matter, each at a rate of $110 per hour. (Doc. 43-1, pp. 5-12). No information has been given about these individuals or in what capacity they performed. The court presumes that these people are paralegals, based upon their hourly rate and the description of their work contained in the summary report. See (Doc. 43-1, pp. 5-12). The court notes that Helmsing's affidavit should have provided more information regarding the paralegals and their relative experience. Nevertheless, the court finds that an hourly rate of $110 is a reasonable rate for a paralegal. Transmontaigne Product Servs., Inc. v. Clark, 2010 WL 3171656, *1

(S.D. Ala. Aug. 10, 2010) (Granade, J.) (finding an hourly rate of between $120.00 and $130.00 was a reasonable hourly rate for a paralegal).

## (2)    Hours Reasonably Expended

In determining whether the number of hours expended are reasonable, the court should not include any hours which are "excessive, redundant or otherwise unnecessary." Norman, 836 F.2d at 1301.  When awarding an attorney's fee, the "[c]ourts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." Barnes, 168 F.3d at 428.  The court will not permit a party to recover fees for hours that are excessive, redundant, or unnecessary, i.e., hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." Norman, 836 F.2d at 1301. (emphasis omitted).

Vision seeks to recover for 65.40 hours of time from September 2010 through December 2011.  (Doc. 43-1, p.. 5-12).  These hours appear to be, based upon the detailed descriptions provided in the summary report and the court's experience, knowledge and observation, reasonable for the amount of work involved in prosecuting a breach of contract action through summary judgment, and are therefore allowed.

## C.    LODESTAR CALCULATION

The lodestar calculation for the McDowell Knight partners is 54.1 hours x $220 per hour = $11,902.00.  For the McDowell Knight associates, the lodestar

calculation is 4.3 hours x $150 per hour = $645.00.  For the paralegals, the lodestar calculation is 7 hours x $110 per hour = $770.00.  The total lodestar amount is $13,317.00.

## CONCLUSION

For the reasons stated above, the court finds that Vision is entitled to an award of attorneys' fees in the amount of $13,317.00 and costs in the amount of $350.00, for a total award of $13,667.00.

**DONE** and **ORDERED** this 25th day of January 2012.

/s/  Callie V. S. Granade
UNITED STATES DISTRICT JUDGE